H. FARRELLY and R T. COMBER *v.* FRED WILLIAM HEU-ACKER.

159 So. 24.
Division B.
Opinion Filed January 29, 1935.

*McKay, Dixon & DeJarnette,* for Plaintiffs in Error; *Hendricks & Hendricks,* for Defendant in Error.

TERRELL, J.—This writ of error is to a joint judgment

against the plaintiffs in error in favor of defendant in error. It was secured in the Circuit Court of Dade County in a tort action.

Plaintiff in error, Comber, was a priest in charge of the Catholic Church, Little Flower, in Coral Gables, Florida. Plaintiff in error, Farrelly, was also a priest and was an assistant to Comber. August 5, 1930, Farrelly, while driving a Buick sedan in the City of Miami, ran upon and struck the defendant in error, Fred William Heuacker, throwing him backwards about ten feet, injuring his ankle, back, and head, which incapacitated him for about six months. Comber was in Europe at the time of the accident and Farrelly was in charge of the parish. A common law action against Comber and Farrelly jointly resulted in a verdict and judgment for $1,600.00 in favor of Heuacker, to which the instant writ of error was taken.

The first assignment of error is grounded on the refusal of the trial court to admit evidence to rebut the ownership of the car in which Farrelly was driving at the time of the accident, the declaration alleging that it was registered and licensed in the name of Comber.

Comber filed pleas to each count of the amended declaration denying ownership of the automobile. At the trial he proffered evidence to prove that the title to the car was in the Bishop of St. Augustine, that when he left for Europe he had no word as to the appointment of his successor, that he had no voice in the appointment of his successor, and that he had no right to authorize anyone to use said automobile. He also offered evidence to prove that he was not authorized to take the car from the parish and that it came into possession of his relief, M. Farrelly, by authority of the Bishop of St. Augustine and not by his authority.

The trial court apparently took the position that while the title certificate creates a rebuttable presumption of ownership in the automobile, only such evidence is admissible to rebut this presumption as tends to show that subsequent to the issuance of the title certificate the car was transferred to a third party, and further that any evidence is inadmissible which tends to show that though the title stood in the name of the defendant he was not the real owner nor was he so at the time of the issuance of the title certificate.

The rejection of the proffered evidence on the part of the trial court was error. It was entirely competent for the defendant to prove that the car belonged to the Bishop of St. Augustine and if the evidence proffered was true it was a complete answer to the charge against the defendant. It is settled law in this country that the title certificate and the person to whom the license is shown to be issued constitutes presumptive ownership in the car, but such presumption may be met and overcome by evidence. Ford v. Hankins, 209 Ala. 202, 96 So. 349; Berry on Automobiles 1037, Section 1158.

It is next contended that the trial court erred in charging the jury that if they find for the plaintiff then the plaintiff would be entitled to recover interest at eight per cent. per annum from the date of the injury on the amount assessed as damages.

The general rule is that in the absence of statute interest cannot be awarded as damages in actions for personal injuries because the amount and the measure of damages is largely discretionary with the jury and is in consequence unliquidated until the trial. Penny v. Atlantic Coast Line R. Co., 161 N. C. 503, 77 S. E. 774; Cochran v. City of Boston, 211 Mass. 171, 97 N. E. 1100; Jacobson v. United States Gypsum Co., 150 Iowa 330, 130 N. W. 122;

The Argo, 210 Fed. 872; 17 Corpus Juris, 824, Section 145.

Defendant in error contends that this charge was rendered harmless because of that part of the instruction to keep separate the amount of damages and interest assessed, no item of interest appearing on the verdict. He relies upon Jacksonville T. & K. W. R. Co. v. Peninsular Land, Trans. & Manuf'g Co., 27 Fla. 1, 9 So. 661; Sullivan v. McMillan, 37 Fla. 134, 19 So. 349; and Griffing Bros. Co. v. Winfield, 53 Fla. 589, 43 So. 687, to support his contention.

The last cited cases approve the allowance of interest on damages, but they were not pure tort actions. We have no applicable statute in this State and we are cited to no case where this Court has approved the allowance of interest on the amount of pure tort verdict prior to rendition. It may have been harmless in this case, but it should not have confused the issue.

Since the cause must be reversed for the reasons set out in the discussion of the first assignment, it becomes unnecessary to discuss other assignments.

Reversed.

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.