**HURD v. REPUBLIC UNDERWRITERS.**

No. 3553.

Court of Civil Appeals of Texas. El Paso.

April 29, 1937.

Rehearing Denied May 20, 1937.

Harry R. Bondies, of Sweetwater, for plaintiff in error.

Darden, Burleson & Wilson, of Waco, and Hudson & Hudson, of Pecos, for defendant in error.

HIGGINS, Justice (after stating the case as above).

1. Morris was a large, muscular man and an experienced well driller. For some time before his death he had been suffering from arteriosclerosis, commonly known as hardening of the arteries or high blood pressure.

On the night of April 27, 1935, he was drilling a well for Bradford. Hurd was

on duty with Morris as tool dresser and assistant. At about 11'o'clock on the night stated, Morris undertook to pull the tools and bail the mud. In pulling the tools, Hurd testified, you push a lever down and then push it up. That it was pretty hard work, and you had to be quick and watch what you were doing. It was further shown by Hurd that Morris pulled the tools in the manner stated when Hurd went outside and called to Morris to let the tools down so he could get a sample. Just as Morris let them down and Hurd got the sample, the latter heard Morris halloo. Knowing something was wrong, Hurd ran back inside and found Morris lying on the cat wheel. He took Morris to Dr. Cook's hospital in Monahans, where Morris died the next morning.

It was shown by the testimony of Dr. Cook that he examined Morris a week before his death and found Morris had arteriosclerosis; that he attended Morris when he was brought to the hospital by Hurd; that Morris had a cerebral hemorrhage when brought to the hospital which caused his death. He further testified that in his opinion the strain and exertion of the work in which Morris was engaged at the time he was stricken contributed to and caused the hemorrhage; that the increased pressure of the blood brought about by the strain and exertion caused the hemorrhage. His testimony also shows a cerebral hemorrhage means a rupture or bursting of a blood vessel in the brain.

■ The ruptured blood vessel in his brain, contributed to or caused by the exertion and strain of the work in which he was engaged at the time he was stricken, was an accidental injury to Morris within the purview of the Compensation Law and compensable. This is well settled by the authorities in this state. Theago v. Royal I. Co. (Tex.Civ.App.) 70 S.W.(2d) 473; Texas E. I. Ass'n v. McGrady (Tex.Civ. App.) 296 S.W. 920; United States C. Co. v. Vance (Tex.Civ.App.) 91 S.W.(2d) 465; Fidelity U. C. Co. v. Martin (Tex.Civ. App.) 45 S.W.(2d) 682; Security M. C. Co. v. Bolton (Tex.Civ.App.) 84 S.W.(2d) 552.

Under the authorities cited it is immaterial that Morris had arteriosclerosis which rendered him more susceptible to cerebral hemorrhage than an ordinary healthy person.

In addition to the cases cited above, see other cases cited under sections 98 and 99, Workmen's Compensation, 45 Tex.Jur., in support of the view that the injury in this case is compensable.

■ 2. For good cause, in meritorious cases, strict compliance with the requirement, that claim for compensation must be filed with the board in six months, may be waived. Section 4a, art. 8307, R.S.

The facts as stated and authorities cited above plainly show this to be a meritorious claim for compensation.

In determining the issue of good cause, excusing delay in filing the claim, the test is whether the claimant has acted with ordinary prudence in the prosecution of the claim; that is, such a course of conduct as would be pursued by an ordinarily prudent person under the same or similar circumstances in the transaction of his own business. 45 Tex.Jur., Workmen's Compensation, § 262; Texas Ind. Ins. Co. v. Cook (Tex.Civ.App.) 87 S.W.(2d) 830; Maryland C. Co. v. Merchant (Tex.Civ. App.) 81 S.W.(2d) 794.

■ After notice to the board that an employer has become a subscriber under the law, employees of such subscriber are by law charged with notice of such fact. Article 8306, § 3c. But this provision does not apply to the beneficiaries of a deceased employee. Employers' L. A. Corporation v. Mills (Tex.Civ.App.) 81 S.W. (2d) 1028; Texas E. Ins. Ass'n v. McGrady (Tex.Civ.App.) 296 S.W. 920.

■ The evidence in this case shows plaintiff in error, Mrs. Hurd, believed Bradford did not carry compensation insurance. Morris had told her the job he was working on was a poor man's job, and carried no insurance. This and other evidence justified her in believing Morris was not protected by insurance under the Compensation Law, and raised the issue of good cause excusing delay in filing the claim. James v. Texas E. Ins. Ass'n (Tex. Civ.App.) 98 S.W.(2d) 425, in which writ of error has been granted on another point.

Furthermore, the evidence shows Mrs. Hurd believed, and was justified in believing, that her husband's death was not compensable. She was informed by Dr. Cook that she had no claim because Morris died of arteriosclerosis.

The defendant in error is strenuously making the same insistence. Mrs. Hurd cannot be charged with negligence as a matter of law in so believing until she was otherwise advised by counsel of her right

430 

to compensation. This phase of the evidence also raised the issue of good cause.

And we are of the further opinion the evidence was sufficient to show due diligence on the part of her counsel in filing her claim with the board after he was employed.

Our conclusion upon the issue of good cause is that the evidence is sufficient to carry the issue to the jury.

 3. A number of assignments complain of the exclusion of evidence. Such evidence was competent and relevant upon the issue of good cause. It should have been admitted. There is no occasion to state such evidence or discuss its competency and relevancy upon the question of diligence upon Mrs. Hurd's part in filing her claim, which question is controlling upon the issue of good cause.

Reversed and remanded.