**TRAVELERS INS. CO. v. PRICE et al.**

**PRICE et al. v. TRAVELERS INS. CO.**

**No. 9120.**

Circuit Court of Appeals, Fifth Circuit.

May 15, 1940.

Rehearing Denied June 13, 1940.

Pinkney Grissom, of Dallas, Tex., for Travelers Ins. Co.

L. E. Elliott and H. A. Bateman, both of Dallas, Tex., for Evelynn Price et al.

Before FOSTER, SIBLEY, and McCORD, Circuit Judges.

FOSTER, Circuit Judge.

Mrs. Evelynn Price brought this suit against Travelers Insurance Company, on behalf of herself and her two minor children, to recover compensation under the Workmen's Compensation Laws of Texas, Vernon's Ann.Civ.St.Tex. art. 8306 et seq., for the death of John J. Ogden, her former husband and father of the two children. After a verdict for plaintiff judgment was entered in her favor.

The following facts appear from the record: Appellee was living with Ogden in Colorado in 1924. He was not employed and left her to seek work elsewhere. He went to Texas and she heard nothing more from him. She worked in Denver in menial positions to earn money to support herself and children and finally went to

Grant, Nebraska, for the same purpose. On going to Texas, Ogden concealed his marital status and married a girl, Lottie Self, 18 years of age. The marriage was in form legal and the girl was in good faith. He secured employment in Dallas with Babcock & Wilcox Co., which was a subscriber to the Texas Workmen's Compensation Law, with the Travelers Insurance Company as insurer. In the course of his employment he was injured, and died on November 9, 1926. His putative wife filed claim for compensation on behalf of herself and two minor children. This was allowed, at the rate of $20 per week, for 360 weeks and was paid by appellant. Appellee was notified of Ogden's death but although she made inquiry she was unable to learn any of the details. ·Subsequently she married her second husband, Price. In the autumn of 1937 she visited her former husband's parents in Colorado and then learned that her husband had married another woman, who had received some insurance on account of his death. She promptly engaged lawyers and took steps to ascertain the facts. She filed claim with the Industrial Accident Board on January 15, 1938. It was rejected. We refer to an opinion of the District Court for a statement of the facts more in detail and for a comprehensive review of the law. 25 F. Supp. 894.

Under the law of Texas a beneficiary of industrial compensation must file claim within six months after the accident with the Industrial Accident Board but they may in their discretion waive the limitation if good reason for the delay is shown. There is no other statute of limitation that would bar the claim. The action of the Board is reviewable by a court of competent jurisdiction. In this case the delay was eleven years. The District Judge submitted the case to the jury to find whether there was reasonable cause for the delay. We are not advised of any case where there has been such great delay but good cause is rather an elastic term and the following cases may be referred to as somewhat analogous. In Texas Employers' Ins. Ass'n v. McGrady, Tex.Civ.App., 296 S.W. 920 a delay of more than a year was excused on the ground that the beneficiary did not know the employer carried insurance. In the Employers' Liability Assur. Corporation v. Mills, Tex.Civ.App., 81 S.W.2d 1028, the wife was abandoned by her husband four years before the accident and after learning of it she was reasonably diligent in ascertaining the facts concerning his death. It was held that she had shown good cause for the delay. In Hurd v. Republic Underwriters, 105 S.W.2d 428, the Court of Civil Appeals at El Paso stated the rule that the test in showing good cause for delay is whether the claimant has acted with ordinary prudence in prosecution of the claim. The delay was about 19 months. It was ruled good cause was shown.

The well settled rule in the courts of the United States is that although the facts may be undisputed, if reasonable men might draw different conclusions from them the case is for the jury. It can not be said that in this case the District Court erred in so submitting it.

We agree with the District Judge, for the reasons stated in his opinion, that payment to the putative wife did not bar any part of the recovery to which appellee and her children were entitled. While that works an injusice to the insurer the remedy is with the Legislature and not with the courts.

On the cross appeal appellees contend they should have had interest from the dates of the various monthly payments the insurer was obligated to make under the law. It is argued the Employers' Liability Law creates a tri-party agreement resulting from the subscription of the employer and the consent thereto of the employee and therefore they are entitled to interest on that basis under the Texas law, Article 5069, R.S.1925, which provides that interest is the compensation allowed by law or fixed by the parties to a contract for the use or forbearance or detention of money.

The Texas Compensation Law is silent as to interest. The insurer is not obligated to pay anything until the claim is filed with the Industrial Accident Board. The District Court allowed full recovery under the law with interest on the claims of appellees from the date on which their claims were filed with the Industrial Accident Board, January 15, 1938. We think in that he was right. The Insurance Company did not have the use of the money as it was paid out in good faith on the only claim promptly made and it was not detained from appellees until after they claimed it.

The record presents no reversible error. The judgment is affirmed on both the main and the cross appeals.