This is a proceeding under the Workmen's Compensation Statute, Act No. 20 of 1914, as amended, arising out of the death, on September 23, 1940, of an employee, Alton D. Pettey, who left a widow by a second marriage, Mrs. Ethlee Neill Pettey, and a minor child under eighteen years of age, Alton D. Pettey, Jr., issue of a former marriage and who lived with his mother, who had been awarded his care, custody and control in the decree of divorce between her and her husband. After the death of her husband, she qualified as the natural tutrix of the child.
The employer and its compensation insurance carrier, who are the plaintiffs herein, apparently are willing to pay all compensation that is due but have instituted this suit to ascertain what the exact amount is and to make sure that it is paid to the proper party, and if any is due to both, that the correct proportion will be paid to each.
There is no dispute concerning the amount of wages formerly earned by the deceased employee and the corresponding amount of compensation due, depending on whether both the widow and the minor child are entitled to be paid or, in the event that only the widow can recover. To bring the matter to a focus, the employer and the insurance carrier presented their petition in this proceeding to the Court in which they set out that the natural tutrix of the minor, Alton D. Pettey, Jr., claims that they owe compensation, in solido, to the said minor at the rate of $11.22 per week which would be 32 1/2% of the average weekly wage of the deceased employee, for the period of 300 weeks, and that the widow, Mrs. Ethlee Neill Pettey claims the same amount of compensation in her own behalf. Against these claims however they present the following contentions under their pleadings: (1) That if they owe any compensation to the minor, Alton D. Pettey, Jr., at all, which they deny however as they aver that his deceased father did not contribute anything whatsoever to his support, the number of weeks he is entitled to be paid cannot exceed 227 6/7ths weeks from the date payments became due, because the said minor will arrive at the age of eighteen years on February 4, 1945. See Sec. 8, Subsec. 2 (F) of Act 20 of 1914, as amended. (2) That if they owe no compensation whatsoever to the said minor, all that they owe then is $11.22 per week to the widow, Mrs. Ethlee Neill Pettey, which is 32 1/2% of the average weekly wage, for a period of 300 weeks. See Sec. 8, Subsec. 2 (A) and (E), Paragraph (1) *Page 766 
of the act. (3) That if however they owe the minor any compensation whatsoever then and in that event they owe the widow, Mrs. Ethlee Neill Pettey, at the rate of $7.98 per week which amounts to one-half of 46 1/4% of the decedent's weekly wages, for a period of 300 weeks. Sec. 8, Subsec. 2 (E), Paragraph (2) of the act. They pray that the Court resolve all the contentions made and render such judgment as equity, law and the nature of the case may require.
Service was made on both the widow, Mrs. Ethlee Neill Pettey and on the natural tutrix of the minor, Alton D. Pettey, Jr., and each filed an answer with a reconventional demand. The widow neither denied nor did she admit the allegations of the petition concerning any compensation that may be due the minor arising out of his dependency, but she specifically averred that whether he was entitled to any payments or not, that could in no manner affect her right to recover at the rate of $11.22 per week for a period of 300 weeks, and that is what she asked and prayed for in her reconventional demand. The natural tutrix of the minor averred that in the judgment of divorce between her and her former husband he had been condemned to pay a sum equal to one-fourth of his monthly earnings to her for the maintenance, care and support of their minor child, and that at the time of his death, the minor was actually and wholly dependent on his father who supplied him with money, clothes and other necessities. She further specifically alleged that the plaintiffs owed her said minor child, in solido, compensation at the rate of $4.75 per week for 227 6/7th weeks, which is what she prayed for in her reconventional demand.
The only disputed question which necessitated the taking of testimony seems to have been the one concerning the contributions made by the decedent to his minor child and the relation which these bore to the child's dependency. The district judge resolved that question of fact in favor of the child holding that he was actually and wholly dependent upon his father for support at the time of the latter's death. He then ruled that the widow was entitled to 32 1/2% of the decedent's weekly wages which was what the Compensation Statute allowed her as a matter of right and as conclusively presumed to be dependent, whether there were any other dependents or not, under Subsec. 2 (A) and (E), Paragraph (1) of Sec. 8 of the act, and that the child was entitled to 13 1/4% which is the difference between the 32 1/2% allowed the widow when she is the sole dependent and the 46 1/4% allowed the widow and one child under Subsec. 2 (E), Paragraph (2) of the same section. This was in accord with the respective demands made on behalf of the defendants who apparently agreed that that was the proper and correct manner of distribution of the amount of compensation that was due by the plaintiffs. From a judgment so decreeing the plaintiffs have appealed and the defendant, Mrs. Ethlee Neill Pettey, has answered the appeal asking that she recover interest on the deferred payments due her under the judgment.
We think that the district judge correctly interpreted the facts as they relate to the dependency of the minor child. Under Subsec. 2 (A) and (D) of Sec. 8 of the act, a child under eighteen years of age is conclusively presumed to be wholly and actually dependent upon the parent "with whom he is * * * living at the time of the injury of such parent." Act No. 242 of 1928. Under Subsec. 2 (D) it is then provided that in case there are both a surviving wife and child entitled to compensation, the same shall be paid entirely to the surviving wife for the common benefit of herself and the child. The same subsection then further provides that in all other cases, "the question of legal and actual dependency in whole or in part, shall be determined in accordance with the facts as they may be at the time of the accident and death; * * *." As in this case there is a widow by a second marriage who is conclusively presumed to be wholly and actually dependent, with regard to the claim of the minor child, issue of a former marriage, we are therefore concerned with a question of legal and actual dependency which has to be determined in accordance with the facts as they existed at the time of the death of the decedent, Alton D. Pettey.
The facts on this point, as we find them, are not complicated, and apparently everyone concerned with the matter endeavored to present the situation to the Court just as it existed.
After she was divorced from her former husband the first Mrs. Pettey went to live with her minor child at her father's home and kept house for him and her brother who also resided with them. Whilst her husband had been condemned to pay her an *Page 767 
amount equal to one-fourth of his monthly earnings for the maintenance and support of the child she frankly admits that he did not pay that regularly. Yet it appears that at times, he did send her as much as $25 and with what he further provided in the way of clothes and whatever spending money the child required she says that his contributions averaged from $10 to $15 monthly. She leaves the Court with a definite impression that the father always realized the obligation he had toward the child and that he did not neglect him. There is no question but what there continued to exist a strong fatherly affection on his part which was fully reciprocated by the child. They corresponded regularly and at times the child visited and stayed at his father's home.
Sam Jackson who is a brother of the child's mother, and his uncle, corroborated her to the extent that with the exception of his meals which were supplied in the household and a few nickels or dimes which he gave him, the child was supported by his father. The present widow, Mrs. Ethlee Neill Pettey, in testifying, stated that at the time she married Mr. Pettey it was understood that he had a responsibility toward his son and that after the marriage it was at all times his purpose, as well as hers, to fully discharge his duty toward him and this they did as far as it was possible. She knows of the contributions which the father made in the way of clothing and saw some checks which he had mailed to his son.
We conclude therefore that the child was actually dependent on his father, within the meaning of the Compensation Statute to the extent that he certainly could not have gotten along, as he did, without what was contributed by him. He was as dependent, in our opinion, as though he had been living with his father and therefore he is entitled to compensation.
The important question which then arises is how much compensation should he receive since the statute does not seem to fix a rate for a case of this kind where the dependent widow and the dependent child do not live together, and the widow is not the mother of the child. In the case of a mother and child both being dependent there can be no question but that the rate of compensation payment is 46 1/4% of the wages earned by the decedent and that the entire amount would have to be paid to the widow for the common benefit of both, as we have already noted. In the case before us, the same rate of 46 1/4% applies but it has to be divided in some manner.
We do not believe that the law contemplates an equal division as is suggested in one of the contentions of the plaintiffs herein. Manifestly in some cases that might result in a great disadvantage to the widow, who, as we construe the act, is under any circumstances entitled to 321/2% of her deceased husband's wages; and on the other hand such a division might substantially favor the employer or his insurance carrier. It would, for one thing, immediately reduce the widow's award from 32 1/2% to 23 1/8%, a diminution of 9 3/8% in the amount to be paid to her. Pursuing the matter further, let us assume now that the child in this case had been just a year or a few months below the age of eighteen years at the time compensation payments became due. As we have seen, payments to dependent minors cease upon their reaching the age of eighteen. Therefore all the employer or his insurer would pay in that case would be at the rate of 46 1/4% for a few months, after which he would only pay the widow at one-half of that, or 23 1/8% for the remainder of the three hundred weeks. Such a division could only redound to the profit of the employer or his insurance carrier and obviously would not be in harmony with the spirit of the Compensation Law.
The distribution of the 46 1/4% made by the district judge in this case by allowing the widow 32 1/2% and awarding the minor the remaining 13 3/4% of the wages was proper and appears to be in line with the awards made in the somewhat similar cases of Selser v. Bragmans Bluff Lumber Company, La.App., 146 So. 690 and Britt v. Nashville Bridge Company, La.App., 171 So. 493.
The appellee, Mrs. Ethlee Neill Pettey, is entitled to the interest prayed for by her in her answer to the appeal and the judgment will have to be amended with regard to the decree in her favor. The appeal was not answered by the natural tutrix of the minor child, Alton D. Pettey, Jr., and the same amendment cannot be made in respect to the decree in her favor.
For the reasons herein stated it is now ordered that the judgment appealed from be amended by decreeing legal interest on *Page 768 
all past due installments to be paid to the widow, Mrs. Ethlee Neill Pettey, from their respective due dates until paid and that as thus amended, the judgment be affirmed at the costs of the appellant herein.