78 So.2d 873 (1955)
Theresa Pharr PARKER, Petitioner,
v.
BRINSON CONSTRUCTION COMPANY and Florida Industrial Commission, Respondents.
Supreme Court of Florida. Special Division A.
March 25, 1955.
Morrice S. Uman, Tampa, for petitioner.
Mabry, Reaves, Carlton, Fields & Ward, Joe L. Sharit, Jr., Tampa, and Rodney Durance, Tallahassee, for respondents.
*874 DREW, Justice.
This case presents for our determination the question of when interest commences to run, if at all, on payments of compensation under the Workmen's Compensation Act, Chapter 440, F.S. 1951, F.S.A
There is no controlling statute on the subject and this question is one of first impression in this Court. Where the matter has been decided in other jurisdictions having workmen's compensation acts, the answers have been varied. Some of the courts have held that no interest is assessable on deferred payments, Richardson v. National Refining Company, 137 Kan. 473, 21 P.2d 307; other jurisdictions reached the conclusion that interest accrued from the date of the award, Holt v. Spencer Lumber Co., 68 Idaho 478, 199 P.2d 268; and still others that interest commences to accumulate on the principal of the award from the date on which the claim for benefits is filed, Travelers Insurance Co. v. Price, 5 Cir., 111 F.2d 776. In a number of jurisdictions it is held that such interest begins to accumulate from the date when the payments of compensation should have been made by the employer or carrier. Pointe Coupee Electric Membership Corporation v. Pettey, La. App., 6 So.2d 764; J. & B. Mfg. Co. v. Cochran, 216 Miss. 336, 62 So.2d 378; McGee v. Youghiogheny & Ohio Coal Co., 121 Pa.Super. 85, 182 A. 773.
In mentioning the above specific citations, we have merely selected at random cases from various jurisdictions to illustrate the lack of any unanimity or uniformity in the decisions on this subject. There is no clear weight of authority as to any of the rules which we have related but it is clear to us from a careful analysis of the many and varied cases on the subject that the more recent trend of the decisions, and the one which we think is more consonant with the philosophy of workmen's compensation and will eventually be accepted as the correct one, is that the beneficiary of the award is entitled to be paid interest on the award from the date he should have begun receiving it. In Horovitz on Workmen's Compensation (1944), on pages 354, 355, the views of the writer of that well accepted publication on this subject are as follows:
"The more recent trend and the better reasoned opinions add interest from the day the very first installment was due. If an insurer or employer is found to owe a certain amount of back payments, it seems logical that if a court is to enforce the award as to principal, it should do so as to interest; and that interest is due on each weekly installment from the very beginning. Interest owes its very existence to the fact that the principal is unpaid; and if the principal is ordered paid week by week from the very start, there is no adequate reason for denying interest from the same beginning, in the absence of express statutory prohibition of early interest." (Italics added.)
Interest in the more common acceptation of the term is the cost of hiring money or from the lenders point of view, the return for loaning it. It is compensation paid by a borrower to a lender for the use of the money and ordinarily we speak of interest as arising out of a contractual relation. It is generally considered to be a part of the principal debt itself. In its broadest sense, however, interest is often allowed by way of damages, such interest being defined as moratory interest. This form of interest is that amount of money which is customarily allowed in actions ex contractu and in certain tort actions. 30 Am.Jur., Interest, 6. This Court has long recognized that in actions ex contractu it is proper to allow interest at the legal rate from the date the debt was due. Sullivan v. McMillan, 37 Fla. 134, 19 So. 340, 53 Am.St.Rep. 239; McMillan v. Warren, 59 Fla. 578, 52 So. 825. The fact that there is an honest and bona-fide dispute as to whether the debt is actually due has no bearing on the question. The rule is that if it is finally determined that the debt was due, the person to whom it was due is entitled not only to the payment of the principal of the debt but to interest at the lawful rate from the due date thereof. *875 Sullivan v. McMillan, supra; Everglade Cypress Co. v. Tunnicliffe, 107 Fla. 675, 148 So. 192. In this State interest is not allowed in actions for personal injuries. Farrelly v. Heuacker, 118 Fla. 340, 159 So. 24. In such actions interest accumulates only from the date of the judgment and then by virtue of the applicable statute, Section 55.03, F.S. 1951, F.S.A. Skinner v. Ochiltree, 148 Fla. 705, 5 So.2d 605, 140 A.L.R. 410. As to the allowance generally of moratory interest, see 15 Am.Jur., Damages, 583, Section 166 et seq. Our views on this particular phase of the question were summed up recently in Jackson Grain Co. v. Hoskins, Fla. 1954, 75 So.2d 306, 310, as follows:
"In actions growing out of contract and in some actions in tort we have approved the recovery of interest from the time of accrual of the cause of action, but in personal injury cases we have consistently declined to approve interest before entry of judgment. Zorn v. Britton, 120 Fla. 304, 162 So. 879. * * *
"Apparently an exception to the allowance of interest has been made in personal injury cases because of the speculative nature of some items of damage, such as mental anguish, and the indefiniteness of items such as future pain and suffering. Farrelly v. Heuacker, 118 Fla. 340, 159 So. 24. See also Penny v. Atlantic Coast Line R. Co., 161 N.C. 523, 77 S.E. 774, Ann. Cas. 1914D, 992." (Emphasis supplied.)
The rule which we think more clearly applies to awards in workmen's compensation cases is that applicable to actions ex contractu. In the strictest sense a compensation award can not be said to arise under contract. The award arises primarily by virtue of and the amount is determined by the sovereign laws of the State enacted in the interest of its general welfare and for the protection of its low income groups. Such awards do not bear the characteristics of an award in a tort action nor should it be governed, so far as the instant subject is concerned, by rules applicable to such actions. As between the carrier and the employer, the liability does arise from a contract. If the carrier should be compelled to sue the employer for premiums on a workmen's compensation policy, the carrier would be entitled to receive, as a part of its damages, lawful interest on the premium which was wrongfully withheld from the date the premium became due. We see no reason why the same principle should not be made to apply, so far as interest is concerned, where the carrier fails to pay an award when it should have paid it.
The compensation act is to be construed in favor of the working man. Not only have we said this on many occasions but the act itself so provides. Section 440.26, F.S.A. If an employer controverts the right to compensation, the penalty fixed by the law for an unsuccessful contest is not only the payment in full of the award from the beginning but also attorneys' fees and other specified costs. If a carrier fails to pay an installment due without an award within the specified period of fourteen days, under specified circumstances, the carrier suffers a penalty of 10% thereof, Section 440.20(5); and if the carrier fails to pay an award within fourteen days, there may be added thereto an amount equal to 20% thereof, Section 440.20(6), F.S. 1951, F.S.A. The basic philosophy of the act is to insure and secure prompt payment of compensation or other awards to the man who works for wages or his beneficiaries. This Court knows that the smaller the award of compensation, the greater is the need for the prompt payment thereof. It is common knowledge that those who work for small wages are dependent upon such wages for their immediate livelihood. Inherent in the act itself is the intention that if such an award is wrongfully withheld (and under the law it is wrongfully withheld if it be eventually determined that it should have been paid), the person or the party which should have paid it should be compelled to pay, as damages for its detention, lawful interest thereon from the date it should have been paid, and the amount *876 thereof is to be determined by applying Section 687.01, F.S. 1951, F.S.A., which provides:
"In all cases where interest shall accrue without a special contract for the rate thereof, the rate shall be six per cent per annum, but parties may contract for a lesser or greater rate by contract in writing."
Such rule places no hardship upon the carrier or employer and compensates the beneficiary for the loss of the use of the withheld funds. During the period such compensation is withheld, the carrier or employer should pay for the use of the money which it is using and has wrongfully withheld. During the same period, the beneficiary should be compensated for the same amount of money which at least theoretically, and most times actually, he is forced to hire to sustain himself. Any other rule affords the carrier or employer an advantage wholly disproportionate to the harm that befalls the beneficiary. Moreover such would result in a situation never contemplated nor intended by the workmen's compensation law and which would be repugnant to its basic purposes.
For the reasons which we here express, certiorari is granted with directions to the Commission to vacate the order here under review and to enter an order in accordance with the views herein expressed. In such order it shall allow claimant's counsel reasonable fees for his services in this cause before the Commission and the Deputy Commissioner. Fees in this Court have been allowed by separate order.
Certiorari granted.
MATHEWS, C.J., TERRELL, J., and KANNER, Associate Justice, concur.