HENDRY, Chief Judge.
The defendants appeal from a final judgment entered on a jury verdict of $13,000.00 in favor of the plaintiff, Claudia Felder. Plaintiff instituted this action for damages sustained when the vehicle she was driving collided with a vehicle driven by Arthur Whitehead and owned by Aggie Byrd.
The defendants present the following points on appeal: whether the trial court erred in instructing the jury relative to aggravation of a pre-existing condition; whether the trial court erred in denying defendants’ motion for new trial when the amount of the verdict was excessive and contrary to the weight of the evidence; and, whether the trial court erred in failing to grant a new trial in light of the prejudicial conduct and remarks of plaintiff’s counsel.
Instructions to the jury must be predicated upon the facts developed at the trial. There is evidence in the record that the accident did aggravate a pre-existing condition of plaintiff, therefore, an instruction on this question to be considered in determining damages is justified.
There is also sufficient evidence in this record to support the jury verdict of $13,000.00, and the trial court properly instructed the jury on the element of damages. The trial judge refused to disturb the verdict and nothing has been shown which would justify disturbing it on appeal.
In order to insure a fair trial, it is essential that a jury reach its verdict by a calm and dispassionate consideration of the evidence and the merits. The record discloses that the conduct, and remarks of plaintiff’s counsel throughout the trial were such as would tend to impair this manner of consideration by the jury and can not be approved. However, the able trial judge, who was in the courtroom throughout the trial and therefore in a better position than this court to determine the effect of such conduct upon the jury, denied a motion for a new trial and we are unable to conclude that counsel’s conduct and remarks “in its collective impact” so gravely impaired dispassionate consideration as to deny the defendants a fair trial. Tyus v. Appalachicola Northern Railroad Company, Fla.1961, 130 So.2d 580, 587.
Having concluded that there is no reversible error, the judgment appealed is affirmed.
Affirmed.