311 So.2d 739 (1975)
ARISON SHIPPING COMPANY, a Florida Corporation, Appellant,
v.
George H. SMITH, Appellee.
No. 74-897.
District Court of Appeal of Florida, Third District.
April 8, 1975.
Rehearing Denied May 13, 1975.
*740 Heiman & Heiman and Judith H. Hayes, Miami, for appellant.
Noriega & Bartel and Paul J. Levine, Miami, for appellee.
Before PEARSON and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
Arison Shipping Company, defendant in the trial court, appeals from an adverse final money judgment following a jury trial in an action for breach of an employment agreement and for defamation by the defendant of the plaintiff's professional reputation, competency and honesty.
The plaintiff, George Smith, appellee herein, was the former comptroller of Arison Shipping Company, defendant-appellant herein. He filed a complaint against Arison Shipping Company, alleging: (1) breach of a written contract of employment, and (2) defamation by officials of Arison of his professional reputation, competency and honesty as an accountant and comptroller. Issue was joined by a denial by Arison. The jury returned a verdict in favor of Smith on account of the breach of his employment contract in the amount of $46,000 and likewise found on his behalf on the defamation count, assessing his compensatory damages at $20,000. The issue of punitive damages for defamation was also submitted to the jury, which returned a verdict of "0" in that regard. The final judgment provides that the plaintiff *741 receive the damages as recited above plus interest from and after the date of breach of the employment contract as to the award therefor and the date of the defamation as to that award.
The defendant raises some seven points on appeal, the principal contention being that any alleged defamation made by or on behalf of the defendant by Mr. Arison, principal officer of the defendant company, were not actionable as a result of the existence of qualified privilege, which was a question of law for the court to decide, and therefore, the issue should not have been presented to the jury. We disagree. The record reflects that Mr. Arison's comments concerning the competency and honesty of the plaintiff were made and disseminated to persons not within the privilege. Inasmuch as some of them may well have been employees of Arison Shipping Company, they were not within the privilege because they were not employed in such positions and/or capacities or even in such departments with the company as to be entitled to information with reference to Smith, the comptroller. While there appears to have been conflict in the testimony as to whom the statements were made, even if only to employees, the defendant's actions are not protected as an exception to defamation.
"When all the essential facts and circumstances are not conceded, the existence or non-existence of the privilege should be determined by the jury from all the facts and circumstances of the case, under proper instructions of the court applicable to the case." Hartley & Parker, Inc. v. Copeland, Fla. 1951, 51 So.2d 789, 790.
Florida law has consistently held that the qualified privilege attaching to business communications is lost when the scope of an intra-company communication to those having corresponding interests and duties is exceeded. Teare v. Local Union No. 295 of the United Association of Journeymen and Apprentices of the Plumbers and Pipe Fitters Industry of the United States & Canada, Fla. 1957, 98 So.2d 79, 83. In order to be privileged, a communication must be made
"`... in good faith upon any subject in which the party communicating has an interest, or in reference to which he has a right or duty, if made to a person having a corresponding interest, right, or duty, and made upon an occasion to properly serve such right, interest, or duty, and in a manner and under circumstances fairly warranted by the occasion and the duty, right, or interest, and not so made as to unnecessarily or unduly injure another, or to show express malice.'" Caswell v. Manhattan Fire & Marine Insurance Company, 5th Cir.1968, 399 F.2d 417, quoting the leading Florida case, Abraham v. Baldwin, 1906, 52 Fla. 151, 42 So. 591, 592.
Ample evidence was presented at the trial to indicate that the communications were not made in good faith and that they were made to lower echelon employees having no corresponding interest in them, that they were not warranted, not made upon a proper occasion and that they were made for the express purpose of injuring the plaintiff Smith.
Another point raised by the defendant is that counsel for the plaintiff made a number of defamatory and improper remarks during the course of the trial which appealed to bias, prejudice and the emotions of the jury. In order for "prejudicial error" to be present, the verdict must reflect that the jury was indeed swayed by the improper remarks, and must have so gravely impaired the jury's dispassionate consideration as to deny the defendant a fair trial. H.I. Holding Company v. Dade County, Fla.App. 1961, 129 So.2d 693; Byrd v. Felder, Fla.App. 1967, 197 So.2d 554, 555. Defendant contends that there was no particular remark or instance per se that constituted error but that the aggregate of the prejudicial statements constituted reversible error. In our opinion there is no prejudicial error either in part or in toto which warrants reversal.
*742 The defendant also raises the point that the jury verdict of damages for alleged breach of contract is not supported by the evidence. The defendant concedes that the plaintiff was discharged from the defendant's employ, but for good cause shown. This was, of course, a proper question for submission to the jury, which found that there was a breach of the employment contract by the defendant, and damages were awarded accordingly. There is ample evidence in the record to support the verdict.
The final point raised by the defendant which is sufficiently meritorious to warrant discussion, is whether it was error for the court to allow interest on the judgment as to defamation. There is no legal authority for an award of interest on the award for defamation, which is an unliquidated tort claim. We agree with Arison and reverse this portion of the judgment. Farrelly v. Heuacker, 1935, 118 Fla. 340, 159 So. 24, 26; Zorn v. Britton, 1935, 120 Fla. 304, 162 So. 879, 881. Therefore, the provision for interest on the award for defamation is deleted from the judgment.
Affirmed in part and reversed in part.