## WASHINGTON v BROWN

### Case No. 82-19208

Eleventh Judicial Circuit, Dade County

April 11, 1985

**APPEARANCES OF COUNSEL**

**Neil Carver**
**Thomas A. Logue**

### OPINION OF THE COURT

LEONARD RIVKIND, Circuit Judge.

This cause came on for hearing upon Defendant's Motion for New Trial. This case involves a claim for personal injuries arising out of a motor vehicle accident. The issues of liability and damages were vigorously contested. The jury returned a verdict for Plaintiff finding Defendant eight-five (85%) per cent negligent and awarding total damages of $17,500.

During cross-examination of Defendant, called under the adverse

party rule, Plaintiff's counsel inquired of Defendant's prior accidents and traffic citations while visibly displaying what appeared to be a computer print-out. When an objection was sustained and the jury cautioned by the Court to disregard the question, counsel, for the benefit of the jury, "tossed" the printout on the counsel table.

I was conscious of the extreme prejudice of the question when it was asked and the likely impact on the jury. The facts surrounding the accident disclose a case of questionable liability, albeit a jury question in my opinion. I should have declared a mistrial *sua sponte* instead of trying to cure the prejudice with an instruction.

As a subsequent recess I admonished counsel who acknowledged that he was aware the question would be improper but sought to excuse his misconduct by explaining the question was asked under "stress." At this time Defendant moved for a mistrial which was denied.

As a trial judge, I am charged with the duty to insure that each party receive a jury verdict "uninfluenced by the appeals of counsel to passion or prejudice." *Seaboard Airline Railroad Company v Strickland,* 88 So.2d 519 (Fla. 1956).

In *Byrd v Felder,* 197 So.2d 554 (Fla. 3d DCA 1975, the Court held:

"In order to insure a fair trial it is essential that a jury reach its verdict by a calm and dispassionate consideration of the evidence and the merits."

The trial judge has an obligation to grant a new trial even absent timely objections where prejudicial misconduct of counsel perverts "a calm and dispassionate consideration of the evidence." *Seaboard Airline Railroad Company v Strickland,* supra.

Since I am convinced the highly prejudicial question resulted in a verdict influenced by prejudice and sympathy, the Defendant's Motion for New Trial is granted.[1]

Either party may re-notice this case for trial.

ORDERED at Miami, Dade County, Florida this 11th day of April, 1985.

---

[1] During final closing argument, in respondent to Defendant's argument concerning the failure of Plaintiff to call a number of treating physicians, Plaintiff stated repeatedly that the Plaintiff was financially unable to spend $300 to $500 for each medical witness. Since no objection was made, this appeal to sympathy would not warrant a new trial. Nevertheless, it is not to be repeated on re-trial.