530 So.2d 1026 (1988)
UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellant/Cross Appellee,
v.
Linda V. STRASSER, Etc., Appellee/Cross Appellant.
No. 87-1216.
District Court of Appeal of Florida, Fourth District.
August 31, 1988.
Rehearing and Certification Denied October 6, 1988.
*1027 William G. Liston of Steven R. Berger, P.A., and Peterson & Fogarty, P.A., West Palm Beach, for appellant/cross appellee.
Theodore A. Deckert of Mathison & Deckert, West Palm Beach, for appellee/cross appellant.
PER CURIAM.
This is an appeal and a cross appeal from a declaratory judgment in an insurance case.
Doctor Harold Strasser was killed on February 10, 1983 when he stopped to give medical assistance to the passengers of an overturned car. A second car hit the overturned car, caused it to collide with Strasser, and fatally injured him. Dr. Strasser was insured by United Services Automobile Association, the defendant, and had uninsured/underinsured motorist coverage with limits of $200,000. The other two cars were insured under separate policies for bodily injury liability coverage in the total amount of $65,000. Dr. Strasser's estate argued that his insurer should be liable for the full $200,000, whereas United Services asserted that there should be a setoff of $65,000 for the coverage provided by the other drivers because Dr. Strasser had only underinsured motorist coverage, not excess underinsured motorist coverage.
The applicable statute is section 627.727, Florida Statutes (Supp. 1982), which provides:
(1) No motor vehicle liability insurance policy shall be delivered ... unless uninsured motor vehicle coverage is provided therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles... . However, the coverage required under this section is not applicable when, or to the extent that, any insured named in the policy rejects the coverage in writing... . Unless the named insured .. . requests such coverage in writing, the coverage need not be provided in or supplemental to any other policy which renews, extends, changes, supersedes, or replaces an existing policy issued to him by the same insurer, when the named insured or lessee had rejected the coverage in connection with a policy previously issued to him by the insurer. Each insurer shall at least annually notify the named insured of his options as to coverage required by this section. Such notice shall be part of the notice of premium, shall provide for a means to allow the insured to request such coverage, and shall be given in a manner approved by the department... .
... .
(2)(b) In addition, the insurer shall make available, at the written request of the insured, excess underinsured motor vehicle coverage, providing coverage for an insured motor vehicle when the other person's liability insurer has provided limits of bodily injury liability for its insured which are less than the damages of the injured person purchasing such excess underinsured motor vehicle coverage. Such excess coverage shall provide the same coverage as the uninsured motor vehicle coverage provided in subsection (1), except that the excess coverage shall also be over and above, but shall not duplicate, the benefits available under the other person's liability coverage. The amount of such excess coverage shall not be reduced by a setoff against any coverage, including liability insurance. An insurer shall not provide both uninsured motor vehicle coverage and excess underinsured motor vehicle coverage in the same policy. [emphasis added]
Under section 627.727(1) an insurance company is required to provide uninsured motor vehicle coverage unless it is specifically rejected in writing. Under this *1028 type of policy the insured is covered in the full amount of the limits of the policy with a reduction or setoff for other available insurance coverage. Subsection (1) required each insurer to annually notify the insured of his options as to coverage "required by this section". In contrast the excess underinsured motor vehicle coverage described in section 627.727(2) does not allow the insurance company a setoff for other available insurance coverage.
United Services argued that Strasser's policy was not excess underinsured motor vehicle coverage and therefore United Services was entitled to a setoff of $65,000. Dr. Strasser's estate responded that United Services was not entitled to any setoff because the insurance company failed to advise Dr. Strasser of the availability of excess underinsured motor vehicle coverage as required by statute.
The trial court ruled that United Services failed to comply with section 627.727, Florida Statutes (Supp. 1982) because there was no evidence that the insurer advised Strasser of the availability of the excess underinsured motor vehicle coverage. Therefore, the trial court ruled that United Services was required to provide the full limits of coverage in the amount of $200,000 with no setoff. The trial court also ruled that Dr. Strasser's estate was not entitled to any award of prejudgment interest but the ruling was specifically without prejudice to Strasser's right to seek recovery of prejudgment interest in any later proceeding or action based upon any breach of contract. United Services appeals from the final judgment and Dr. Strasser's estate cross appeals from denial of prejudgment interest.
We affirm the main appeal on the basis of the language of the statute which provides, "Each insurer shall at least annually notify the named insured of his options as to coverage required by this section." The legislature must have intended to make the notice provision applicable to the entire section 627.727 and not just subsection 627.727(1) because of the use of the term "section." If the legislature had intended only to require the insurance companies to give notice of the uninsured/underinsured coverage available and not the excess coverage then it would have used the term "subsection" rather than "section." We also affirm the main appeal on authority of Spira v. Guaranty National Insurance Company, 468 So.2d 540 (Fla. 4th DCA 1985) and the cases cited therein. In Spira this court reversed the denial of excess uninsured motorist coverage because "the record does not reveal any evidence that the carrier offered uninsured motorist coverage equal to excess liability limits pursuant to section 627.727(1), Florida Statutes (1983)." This indicates that this court has found the notice requirement to be applicable to all of section 627.727, including the subsection on excess uninsured motorist coverage. Our research found no cases other than Spira and the cases cited therein which would support reversal.
Next, we address the cross appeal which seeks review of the denial of prejudgment interest. Dr. Strasser's estate argues that it was entitled to interest at the legal rate from the date the debt was due even though there was a dispute as to the amount or the obligation to pay. We affirm the denial of prejudgment interest on authority of Cooper v. Aetna Casualty and Surety Company, 485 So.2d 1367 (Fla. 2d DCA 1986) which holds that prejudgment interest is not recoverable under these circumstances because the action is essentially one for the recovery of personal injury damages. We also rely on footnote number one in Argonaut Insurance Company v. May Plumbing Company, 474 So.2d 212 (Fla. 1985) wherein the supreme court acknowledged that, "We are mindful that this Court has ruled that prejudgment interest is not recoverable on awards for personal injury. Zorn v. Britton, 120 Fla. 304, 162 So. 879 (1935); Farrelly v. Heuacker, 118 Fla. 340, 159 So. 24 (1935)." We recognize the contra authority contained in Standard Accident Insurance Company v. Gavin, 184 So.2d 229 (Fla. 1st DCA 1966).
Although the cross appellant has brought to our attention other cases in *1029 which courts awarded prejudgment interest, we distinguish those cases because they do not deal with personal injury damages. Nevertheless, because the issue is one of great public importance we certify the following question to the supreme court:
May prejudgment interest be allowed in an action seeking benefits under uninsured/underinsured motorist coverage where the action is based upon a contract of insurance when the action is essentially one for the recovery of personal injury damages?
ANSTEAD, LETTS and WALDEN, JJ., concur.