**In re Rodney L. PROPPS, Debtor.**

**Robert F. ANDERSON, Trustee, Plaintiff,**

v.

**Eduardo AVILA, Defendant.**

**Bankruptcy No. 87–02982. CA No. 88–0092.**

United States Bankruptcy Court, D. South Carolina.

Jan. 31, 1989.

As Amended Feb. 3, 1989.

See also, Bkrtcy., 82 B.R. 407.

Allen Strait, Columbia, S.C., for plaintiff/trustee.

Reid Smith, Columbia, S.C., for defendant/debtor.

## ORDER AND MEMORANDUM

WILLIAM THURMOND BISHOP, Bankruptcy Judge.

Robert F. Anderson, as trustee in bankruptcy for Rodney L. Propps, instituted this adversary proceeding against the defendant, Eduardo Avila, pursuant to 11 U.S.C. Section 548 for the recovery of property of the estate alleged to have been fraudulently transferred, and 11 U.S.C. Section 549 for the recovery of property alleged to have been transferred after the debtor filed his petition for relief under Chapter 7 of the United States Bankruptcy Code. A trial on the merits was held on November 28, 1988. After considering the testimony and evidence introduced at trial, as well as the applicable authority on the issues involved in this adversary proceeding, this court makes the following findings of facts and conclusions of law.

### FINDINGS OF FACT

The debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code on September 17, 1987.

On September 18, 1987, Robert F. Anderson was appointed as trustee.

The defendant Eduardo Avila is a resident of Miami, Florida.

The debtor and Eduardo Avila are former business associates.

On July 3, 1986, a 1986 Mercedes 560 automobile, Serial No. WDBCA39D4GA263063 was purchased from L.P. Evans Motors, WPB, Inc. The retail order lists Group Capital Corporation as the buyer, and the purchaser as Eduardo Avila.

On July 22, 1986, Eduardo Avila issued a check drawn on his personal account to L.P. Evans, in the amount of $58,484.25.

On August 13, 1986, a State of Florida certificate of title was issued for the automobile, showing the registered owner as Rodney L. Propps, and Group Capital as the first lien holder on the vehicle.

On January 15, 1987, a transfer of title by seller was completed on the back of the certificate of title showing Eduardo Avila as the purchaser of the vehicle, at a selling price of $38,000.00. This transfer was notarized on January 15, 1987.

On November 11, 1987, the lien of Group Capital Corporation was marked satisfied.

On November 20, 1987, an application was made to the State of Florida for a change in vehicle title and registration of the Mercedes, to show Eduardo Avila as the true owner of the vehicle. The new certificate of title was issued on December 8, 1987.

## ISSUES

The issues to be decided are whether Eduardo Avila paid adequate consideration for the motor vehicle, and whether a post petition transfer occurred.

## CONCLUSIONS OF LAW

██ For the reasons stated below, this court concludes that a fraudulent transfer, as contemplated by 11 U.S.C. Section 548 did not occur, and that a post petition transfer pursuant to 11 U.S.C. Section 549 did not occur due to Eduardo Avila being the actual owner of the vehicle from the date of the purchase of the vehicle.

The court notes from the outset that the burden of proof on these issues fell upon the trustee. The only evidence produced at the hearing by the trustee was the testimony of the trustee, and the trustee's expert witness who testified as to the value of the motor vehicle in question.

The trustee's testimony was vague, and the testimony of the trustee's expert witness is irrelevant on the issues involved, unless the trustee meets his burden of proof and prevails. The trustee has failed to meet his burden of proof.

## A. CAUSE OF ACTION BASED UPON 11 U.S.C. SECTION 548

The trustee is proceeding under 11 U.S.C. Section 548, which states in relevant part that:

"(a) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

(1) made such transfer or incurred such obligation with actgual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or

(2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(B)(i) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation; ..."

The first element to be addressed is whether a transfer of the motor vehicle in question occurred, and if so, on what date did the transfer occur. The trustee contends that a transfer occurred on December 8, 1987, the date the certificate of title was amended to reflect the registered owner as Eduardo Avila.

The trustee's position is based upon his interpretation of Florida laws governing certificates of titles to motor vehicles. See Florida Statute Ann. Sections 319.21 and 319.23.

A State of Florida certificate of title for a motor vehicle is not conclusory proof of ownership of that motor vehicle, but is only an indicia of ownership which can be rebutted by competent evidence. See *Nash Miami Motors v. Bandel*, 47 So.2d 701 (1950) and *Farrelly v. Heuacker*, 118 Fla. 340, 159 So. 24 (1935), and *In Re: Collins*, 5 B.R. 56 (Bankr. N.D.Fla.1980).

The defendant has presented ample evidence, both through testimony and documentation, that he has been the actual owner of the vehicle since the date of purchase, notwithstanding that the certificate of title was in the name of the debtor. Specifically, the debtor introduced into evidence a check made payable to the automobile dealer which represented the purchase price of the motor vehicle. This check, in the amount of $58,484.25, was drawn on the defendant's personal bank account and was given to the dealer on the date that the automobile was acquired from the dealer.

Additionally, the defendant testified that the vehicle has been in his possession since the date of its acquisition, that he main-

tained the vehicle, that the debtor never possessed or drove the vehicle, and that the reason the vehicle was placed in the debtor's name was due to the expense of insuring the vehicle. According to the defendant's testimony, the debtor held a master vehicle insurance policy which would allow this vehicle to be insured through that policy at no additional cost only if the vehicle was registered in the name of the debtor.

Additional evidence that the debtor and the defendant intended this vehicle to be owned by the defendant can be found in the fact that two identical automobiles were purchased from the dealer at the same time. One vehicle was used exclusively by the debtor, and the other by the defendant.

For this reason, this court concludes that actual ownership of the vehicle was in the defendant and that a transfer of the vehicle did not occur on December 8, 1987.

■ Nor did the facts establish a fraudulent transfer under 11 U.S.C. Section 548(a)(2)(A), (B). The evidence clearly shows that the defendant paid value for the vehicle, and inadequate evidence was presented on the issue of the debtor's insolvency on the date of the transfer, assuming that a transfer had occurred.

Funds for full payment of the vehicle came from the defendant's bank account. The trustee argued that those funds belonged to the debtor, as a result of a wire transfer to the debtor's bank account shortly before the date of the payment of the vehicle. However, the trustee did not show that the defendant was not entitled to those funds, nor did the trustee introduce evidence tracing the wire transfer to the payment of the vehicle. Furthermore, the defendant presented evidence in the form of an employment agreement showing that he was entitled to payment from the debtor in an amount exceeding the payment for the vehicle, as a result of an employment agreement.

The defendant has paid full value for the transfer.

Nor has the trustee shown by conclusive testimony that the debtor was insolvent on the date of the transfer, assuming such transfer had occurred. The trustee's testimony was vague and inconclusive on the issue of insolvency. His testimony, which was the sole evidence on the issue of insolvency, is based more on the trustee's assumption of certain facts, which does not rise to the level of the weight of evidence required.

The defendant has rebutted the presumption that ownership of the vehicle in question was in the name as reflected on the State of Florida certificate of title. He has shown that he paid value for the vehicle, and that he was the actual owner of the vehicle from the date of purchase, July 13, 1986. Accordingly, no transfer occurred on December 8, 1987, nor did any transfer occur within one year of the date of the filing of the debtor's petition, September 17, 1987.

For the above reasons, the trustee's cause of action pursuant to 11 U.S.C. Section 548 must fall, and judgment will be entered in favor of the defendant.

## B. TRANSFER PURSUANT TO 11 U.S.C. SECTION 549

The trustee's second cause of action is based upon 11 U.S.C. Section 549. In order to prevail under this section, the trustee must show a transfer of property of the estate, that occurs after the commencement of the case, which is not authorized by Title 11 or by the court.

Property of the estate is defined in 11 U.S.C. Section 541. This section provides in relevant part that property of the estate consists of "all legal or equitable interest of the debtor in property as of the commencement of the case." 11 U.S.C. Section 541(a)(1). For the reasons stated above, this court concludes that on September 17, 1987, the debtor held no legal or equitable interest in the automobile subject to the trustee's complaint. For that reason, a transfer of property of the estate did not occur.

Nor did the transfer occur after the commencement of the case. Although the certificate of title was amended to reflect the name of Eduardo Avila as the registered owner, Eduardo Avila has presented com-

petent evidence showing that he has been the actual owner of the vehicle since the date the vehicle was acquired, July 3, 1986.

The original certificate of title issued on this vehicle, on August 13, 1986, showed the debtor, Rodney L. Propps as the registered owner. On January 15, 1987, a transfer of title by seller was completed on the back of the certificate of title, and showed Eduardo Avila as the purchaser of the vehicle. This transfer was notarized on January 15, 1987.

Rodney L. Propps was not the actual owner of the vehicle on the date of the filing of his petition. A change of the registered owner on the State of Florida certificate of title does not prove conclusively that a transfer of the ownership of the vehicle occurred. The defendant has presented adequate evidence in the form of testimony and exhibits which rebuts the presumption of ownership according to the certificate of title. For that reason, a transfer did not occur after the filing of the petition for relief.

Judgment should be entered in favor or the defendant as to the trustee's cause of action under 11 U.S.C. § 549.

### ORDER

IT IS ORDERED, ADJUDGED AND DECREED that judgment be entered in favor of the defendant on both causes of action in the complaint.

IT IS FURTHER ORDERED that the cost of preserving the vehicle in storage pending the outcome of this proceeding shall be deemed an administrative expense pursuant to 11 U.S.C. § 503 and the trustee shall pay all storage charges promptly. The trustee is directed to release the automobile to the defendant, Eduardo Avila, within 10 days of the date of this order.