626 So.2d 1085 (1993)
Elnora JACKSON and E.J. Jackson, her husband, Appellants,
v.
BELLSOUTH MOBILITY, INC., and Louise Calvert, Appellees.
No. 92-3462.
District Court of Appeal of Florida, Fourth District.
November 17, 1993.
Basil E. Dalack of Saylor & Gwynn, West Palm Beach, for appellants.
Wade R. Byrd and Michel S. Byrd of McCall and Byrd, Palm Beach, for appellees.
*1086 PER CURIAM.
The trial court dismissed the third amended complaint with prejudice for failure to state a cause of action. We reverse.
The pleading alleged:
4. On February 10, 1989, the Defendant, BMI, through one of its managers, Louise Calvert, met with the Plaintiff at the corporate offices and falsely accused her of falsifying company records and fraudulently obtaining various gift items. These allegations by the Defendant's manager, Louise Calvert, were lies and known by Louise Calvert to be false and done with express malice and for the sole purpose of defaming the Plaintiff, Elnora Jackson. The allegations were tantamount to theft and conversion and were slanderous, per se. The statements by Louise Calvert were made in the course and scope of her employment and subsequently condoned by the Defendant, BMI.
5. The false and defamatory statements were communicated by Louise Calvert to fellow employees and friends of the Plaintiff.
6. As a proximate result of the Defendant's termination as an employee and in discharging the Plaintiff from her employment, the Plaintiff's reputation has been damaged and it has become virtually impossible for her to obtain employment, particularly of an equal caliber. The Plaintiff has been denied as a result of her unjust discharge the various fringe benefits incidental to her employment and further as a direct and proximate result of the slander committed by the Defendant's agents and employees, Plaintiff has suffered extreme humiliation, embarrassment and mental anguishment for which damages are recoverable.
In our view, the foregoing allegations stated a cause of action. See Nodar v. Galbreath, 462 So.2d 803 (Fla. 1984); Healy v. Suntrust Serv. Corp., 569 So.2d 458 (Fla. 5th DCA 1990); Victor v. News & Sun Sentinel Co., 467 So.2d 499 (Fla. 4th DCA 1985); Arison Shipping Co. v. Smith, 311 So.2d 739 (Fla. 3d DCA 1975).
GLICKSTEIN and POLEN, JJ., and DONNER, AMY STEELE, Associate Judge, concur.