PER CURIAM.
Appellee tripped on a coat hanger while shopping at Winn Dixie. Her version of the case, which the jury believed, was that a store employee had left the hanger on the floor after using it to adjust items on a high shelf.
Appellee introduced a videotape in evidence which Winn Dixie used to train its employees about safety issues. Under the circumstances of this case, the tape was admissible, except for a portion which stated that accident claims cost the company $72,-000,000 per year. § 90.403, Fla.Stat. (1993). *1207 Winn Dixie, however, failed to specifically object to that portion of the tape or to seek to have it be redacted before being played to the jury. See § 90.104(l)(a), Fla.Stat. (1993). Because Winn Dixie failed to object to the specific portion of the tape which was inadmissible, we cannot agree that Winn Dixie is entitled to a new trial as a result of appellee’s counsel’s reference to that portion of the tape during closing argument.
In addition, the verdict does not reflect that the jury was swayed by plaintiffs argument, since appellee recovered only a portion of what she sought for pain and suffering, the item of damages most hotly in dispute. See Arison Shipping Co. v. Smith, 311 So.2d 739, 741 (Fla. 3d DCA 1975), cert. denied, 327 So.2d 31 (Fla.1976).
AFFIRMED.
KLEIN and PARIENTE, JJ., and GROSS, ROBERT M., Associate Judge, concur.