KLEIN, Judge.
This ease is before us for the second time. We previously reversed the trial court’s dismissal of appellants’ complaint for failure to state a cause of action in Jackson v. Bellsouth Mobility, Inc., 626 So.2d 1085 (Fla. 4th DCA 1993). We now reverse a summary judgment in favor of BellSouth.
*964 The basis of plaintiffs’ complaint for defamation is that the defendant falsely accused her of “falsifying company records and fraudulently obtaining various gift items.” Bell-south, among other defenses, asserted that the “defamatory” statements were true.
The depositions reflect that BellSouth employees would be rewarded with merchandise for selling customers features which would increase their telephone bills. The defamatory statements made by BellSouth were based on the fact that BellSouth had determined that plaintiff had been connecting customers to a feature which would increase their charges without obtaining the customer’s permission.
The trial court did not explain why it granted Bellsouth’s motion for summary judgment, but did refer to a deposition, in which appellant admitted the above-described activity. The summary judgment cannot be sustained based on her admissions in her deposition, however, because she also testified that she was ordered to engage in this activity by her supervisor at BellSouth. A jury could properly find in favor of plaintiff if it believed that she was ordered to engage in this activity by her supervisor, notwithstanding Bellsouth’s defenses of truth. Drennen v. Westinghouse Electric Corp, 328 So.2d 52, 55 (Fla. 1st DCA 1976).
Reversed.
DELL and PARIENTE, JJ., concur.