PER CURIAM.
In this appeal, Gloria Aloito-Alexander challenges an order dismissing with prejudice defamation/slander claims against her employer, Toll Bros., Inc., and her co-employee, senior project manager John Barr. Because the complaint adequately alleged the publication by John Barr of false statements concerning Alexander which resulted in her termination, we reverse the dismissal of the claim as to Barr.[1] See LRX, Inc. v. Horizon Assocs. Joint Venture ex rel. Horizon-ANF, Inc., 842 So.2d 881 (Fla. 4th DCA), review denied, 859 So.2d 514 (Fla.2003); Morse v. Ripken, 707 So.2d 921 (Fla. 4th DCA 1998). We reverse as to Toll Bros., Inc., as well, on the basis of respondeat superi- or since there were allegations in the complaint suggesting that Toll Bros., as employer, condoned Barr’s alleged defamatory conduct. See Jackson v. Bellsouth Mobility, Inc., 626 So.2d 1085 (Fla. 4th DCA 1993). We make no ruling on the merits of this claim; we simply hold that the count should not have been dismissed as a matter of law at this stage of the litigation.
Accordingly, the order of the trial court dismissing with prejudice counts I and II of the Second Amended Complaint is reversed.
REVERSED and REMANDED.
STONE, STEVENSON and HAZOURI, JJ., concur.

. Alexander alleged, among other things, that Barr informed her superiors at Toll Bros, that Alexander made numerous paperwork mistakes, that another employee actually had to complete Alexander’s work, and that there were numerous customer complaints concerning Alexander. Alexander alleged that all of these statements, which resulted in her termination, were false.