J. J. Zorn, doing business as J. J. Zorn Gin & Warehouse Company, v. T. J. Britton.

162 So. 879.
Division B.
Opinion Filed June 12, 1935.
Petition for Rehearing Denied Sept. 2, 1935.

*E. C. Maxwell,* for Plaintiff in Error;

*D. Stuart Gillis,* for Defendant in Error;

PER CURIAM.—This was a common law action to recover damages for injuries to plaintiff and his automobile alleged to have been sustained in a collision with a cotton truck of the defendant. Pleas of the general issue and contributory negligence were entered and a trial resulted in a verdict and judgment in favor of the plaintiff for $1700.00 and interest. Motion for new trial was denied and writ of error was prosecuted to the judgment.

The trial court charged the jury as follows: "A person operating a vehicle along a highway on his side of the road, has a right to assume that the person in charge of a vehicle coming from the opposite direction, will observe the rules of the road, and will exercise due care to avoid an accident; and he has a right to act upon this assumption, even though the vehicle coming from the opposite direction is in the center of the roadway on the wrong side of the road. He has a right to assume that the vehicle approaching on its side of the road will remain on that side, and that if it is approaching on the wrong side of the road, it will turn to the right side in time to avoid danger."

The defendant requested and the court refused to give the following charge:

"One driving down a road on the right side is not freed from all care as to whether he is in danger from an approaching car which encroaches somewhat on his side of the road, but must use reasonable care under such circumstances to endeavor to avoid a collision."

The refusal of the second charge as quoted in view of the first as given, is the basis for the first assignment of error.

The facts are not disputed and are to the effect that plain-

tiff was driving at the rate of about forty miles per hour in the night time on his side of the road and saw defendant approaching him for two hundred yards on a straight level road. Defendant was driving with his left wheels about one or two feet over the center line of the road with a trailer attached to his cotton truck, but plaintiff could not see the trailer as the vehicles approached each other. Defendant's truck had moved over to its side of the road but the rear of his trailer had not cleared the center of the road and the damage was caused by plaintiff's car striking defendant's trailer. The collision occurred late in the night on a section of the road frequented by cotton trucks, many of which had been passed by plaintiff that night which was one of poor visibility on account of fog.

The majority of the Court have reached the conclusion that the charge as given stated a correct rule of law and that on the facts of this case the refusal to give the requested charge did not constitute error.

It is next contended that the trial court erred in instructing the jury to reduce their judgment to a money value by allowing eight per cent. interest thereon from the date of the injury if definitely proven.

The declaration is grounded on damages to person and damages to plaintiff's automobile, the *ad damnum* clause being in the sum of $6000.00. The amount awarded was $1700.00 but the amount for personal and property damages was not indicated in the verdict and there is no way of discerning the mind of the jury on this point. From the record we are convinced that damages were allowed for both personal and property injury.

Section 2807, Revised General Statutes of 1920, Section 4494, Compiled General Laws of 1927, authorizes interest on all judgments and decrees from date of entry. This

Court has upheld interest on damages to property and for breach of contract from the date of the accrual of the cause of action. Jacksonville T. & K. W. Ry. Co. v. Peninsular Land, Transp., & Manuf'g. Co. 27 Fla. 1, 9 So. 661; Griffing Bros. Co. v. Winfield 53 Fla. 589, 43 So. 687. We have never recognized an allowance of interest on unliquidated damages for personal injuries and the general rule seems against such allowance in the absence of statute providing for it.

Our view is that the instruction on the question of interest was erroneous but that it may be corrected by a remittitur of one-half the interest allowed from the accrual of the cause of action to the date of the judgment which is hereby ordered. Otherwise the judgment will stand affirmed.

Affirmed with remittitur.

ELLIS, BROWN, BUFORD, and DAVIS, J. J., concur.

WHITFIELD, C. J., and TERRELL, J., dissent.