474 So.2d 396 (1985)
A.R.A. SERVICES, INC. and Ground Services, Inc., Appellants,
v.
PAN AMERICAN WORLD AIRWAYS, INC., a Delaware Corporation Licensed to Do Business in the State of Florida, As the Successor in Interest to National Air Lines, Inc., a Florida Corporation, Appellee.
No. 84-1281.
District Court of Appeal of Florida, Third District.
August 20, 1985.
Walsh, Theissen & Boyd and Gilbert E. Theissen, Fort Lauderdale, for appellants.
Thornton, David & Murray and Kathleen M. O'Connor, Miami, for appellee.
Before HENDRY, BASKIN and FERGUSON, JJ.
FERGUSON, Judge.
The main question presented by this appeal was answered by the Florida Supreme Court in the recent case of Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985). Reaffirming the Florida position that prejudgment interest is another element of pecuniary damage rather than a penalty, it was held that prejudgment interest may be awarded where property damage is caused by an act of negligence,[1] and even where plaintiff is comparatively negligent.
*397 Approving of Bergen Brunswig Corp. v. State, Department of Health and Rehabilitative Services, 415 So.2d 765 (Fla. 1st DCA 1982), rev. denied, 426 So.2d 25 (Fla. 1983), the court further ruled, "for the purpose of assessing prejudgment interest, a claim becomes liquidated and susceptible of prejudgment interest when a verdict has the effect of fixing damages as of a prior date." 474 So.2d at 214. That date is the date of the loss. Id. at 215. In this case the verdict had the effect of "liquidating" plaintiff's damages as of the date defendant's air-conditioning hose was sucked into an engine of plaintiff's taxiing DC-10 aircraft causing over $1,000,000 in damages.[2]
The remaining issues are without merit.
Affirmed.
NOTES
[1] There is a growing trend among the states toward awarding prejudgment interest in tort actions, including those involving personal injury and wrongful death claims. Cf. Zorn v. Britton, 120 Fla. 304, 162 So. 879 (1935) (in Florida prejudgment interest is not recoverable on awards for personal injury). The primary rationale underlying court rules or statutes mandating the award of prejudgment interest is to encourage settlements, recognizing that in most cases there are no real incentives to pretrial disposition of tort actions.

Statutes and case law providing for prejudgment interest vary as to the date interest begins to accrue. The most generous statutes allow for the award of interest from the date the cause of action accrued, which is usually the date of the accident. States which employ the date of loss as the point where prejudgment interest begins to accrue reason that a plaintiff loses the economic value of his money from that date. Other states specify the commencement of an action as the start of accrual. New Jersey combines two categories and allows interest from the date the complaint is filed or six months after the date of loss, whichever is later. Several states tie the commencement of accrual date directly to good faith settlement efforts, i.e., the date a reasonable settlement offer is rejected. Whether a settlement offer was reasonable for the purpose of assessing prejudgment interest depends on the amount of damages awarded after trial. Ross & Goelz, Prejudgment Interest in Tort Suits Sometimes Added, Nat'l L.J., Apr. 29, 1985, at 14, col. 1.
[2] A jury found plaintiff Pan Am fifty-five percent negligent. Prejudgment interest calculated by the trial judge was fixed at $161,102.57.