DAVIS, Judge.
Appellant Donna Easkold appeals an order ruling that a tender of payment of the amount of a judgment was inadequate to stop the running of interest on that judgment, and that the post-judgment interest runs from the date of the jury verdict setting the amount of the damages owed. Elouise Rhodes cross appeals the trial court ruling that “post-judgment interest is not available on costs not awarded until after the appellate court’s mandate” reinstating the jury verdict in this ease. We affirm in part and reverse in part.
Elouise Rhodes was injured in a ear accident with Donna Easkold, and sued Easkold for negligence. A jury verdict in favor of Rhodes was entered on October 19, 1990, in the amount of $37,000. The jury expressly found that Rhodes suffered no permanent injury. Easkold tendered a draft in the amount of the jury verdict, with a letter asking for completion of a satisfaction of judgment. Rhodes rejected the tender and moved for a new trial on the grounds that the jury erred in finding no permanent injury. The trial court denied the motion for new trial, and entered judgment for $37,000 on December 21, 1990.
Rhodes appealed the denial of the motion for new trial. This Court reversed for a new trial, Rhodes v. Easkold, 588 So.2d 267 (Fla. 1st DCA 1991). The Supreme Court of Florida reversed, and reinstated the judgment. Easkold v. Rhodes, 614 So.2d 495 (Fla.1993). Easkold tendered a second draft for $37,000, with the same request for completion of a satisfaction of judgment. This tender was also rejected. Rhodes’ motion for taxation of costs was filed March 18, 1993.
First, the trial court was correct that these two attempted tenders of payment were insufficient to stop the running of interest on the judgment because they were not unconditional. The proposed satisfaction of judgment rendered the tender conditional. Devolder v. Sandage, 575 So.2d 312, 313 (Fla. 2d DCA 1991). Therefore, Easkold must pay interest on the judgment. On this point we affirm the trial court.
The next question is when the interest started running. The trial court held that the interest runs from the date of the jury verdict. This was error. Post-judgment interest begins to run when the judgment has been filed with the clerk of the court. See, e.g., Allstate Ins. Co. v. Powell, 513 So.2d 802 (Fla. 4th DCA 1987), review denied mem., 520 So.2d 585 (Fla.1988). Appellant’s argument that this rule does not pertain in cases decided by jury is not persuasive. See, e.g., Smith v. Dunning, 467 So.2d 465 (Fla. 1st DCA 1985) (holding that interest cannot be allowed before entry of judgment in a tort case decided by jury).
Finally, Rhodes cross appeals the trial court order stating that “post-judgment interest is not available on costs not taxed until after entry of the appellate court’s mandate.” Rhodes seeks interest on the costs from the date of the jury verdict, or, at least, the date of the original judgment, December 21, 1990. The basis for seeking interest from the date of the judgment is the fact that the judgment awarded costs, with the amount to be determined later.
*148 This court recognizes that in Fischbach & Moore, Inc. v. McBro, 619 So.2d 324, 325 (Fla. 3d DCA 1993), the Third District Court of Appeal held that post-judgment interest for costs dates back to the date of the judgment establishing the entitlement to costs, even if the specific amount of the costs is not decided until later. However, that case is factually distinguishable from this one. In McBro, the court stated that the interest relates back to the original judgment because it would be unfair to penalize the prevailing party when the non-prevailing party decides to contest the award. In this case it was Rhodes, the prevailing party, who was responsible for the motions and appeals which delayed the entry of an award of costs. Rhodes did not even file a motion for costs until March 1993. We affirm the judgment of the trial court that interest on the costs is not available from the date of the verdict or the December 21, 1990, judgment. The interest should run from the date of the order setting the amount of the costs awarded.
AFFIRMED in part, REVERSED in part.
ZEHMER, C.J., and SHIVERS, Senior Judge, concur.