641 So.2d 183 (1994)
PALM BEACH COUNTY SCHOOL BOARD, Appellant/Cross-Appellee,
v.
Ann MONTGOMERY, individually, and as natural guardian of Michael Montgomery, and Michael Montgomery, individually, Appellees/Cross-Appellants.
Nos. 92-2746, 92-2791.
District Court of Appeal of Florida, Fourth District.
August 17, 1994.
G. Bart Billbrough and Geoffrey B. Marks of Walton Lantaff Schroeder & Carson, Miami, for appellant/cross-appellee.
T. Michael Kennedy of Searcy Denney Scarola Barnhart & Shipley, P.A., and Philip M. Burlington of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, for appellees/cross-appellants.
*184 PER CURIAM.
The Palm Beach County School Board appeals an adverse final judgment entered following a jury verdict awarding in excess of $400,000.00 to a minor injured in a fight with a classmate, whose injuries were exacerbated by the school's failure to obtain prompt medical attention for his injuries. The School Board raised three separate points on appeal. Appellant's first two points, directed to the admissibility of certain evidence and a jury instruction, we find to be unpersuasive and affirm. We also affirm the lower court's award of interest from the date of the verdict, rather than the date the final judgment was entered, and write further to explain our decision in this regard.
The question presented by appellant's third point is whether a personal injury claimant is entitled to prejudgment interest on a claim from the point when a jury enters a verdict in his or her favor fixing the amount. We hold that a successful claimant is entitled to prejudgment interest on such a claim from the jury verdict to the entry of judgment.
Although it was not a personal injury case, Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985), established the following principles:
1. an unliquidated claim becomes liquidated and susceptible of bearing prejudgment interest when a jury verdict has the effect of fixing the amount of damages;
2. once a verdict has liquidated damages as of a date certain, computation of prejudgment interest is merely a ministerial mathematical computation to be performed by the court; and
3. prejudgment interest is calculated at the same rate as post-judgment interest.
In Argonaut the court observed in footnote one that it had held in Zorn v. Britton, 120 Fla. 304, 162 So. 879 (1935), that prejudgment interest would not be recoverable for personal injuries. What the court actually said in Zorn was that interest is not recoverable on "unliquidated damages for personal injuries." Id. 162 So. at 881. There is also dicta in Sullivan v. McMillan, 37 Fla. 134, 19 So. 340, 343 (1896), quoted with approval in Argonaut, at 214, that a "person injured" should receive interest from the time a verdict liquidates the damage claim.
In this personal injury case, some six months after the entry of a jury verdict that liquidated the amount of plaintiffs' damages, the trial court decided post trial motions and entered a final judgment. The court included in the final judgment an award of prejudgment interest on the amount of the damages fixed by the jury from the date of the verdict to the date of the final judgment.
The trial court did precisely what it should have done under Argonaut. When a jury returns a verdict in a personal injury case that remains undisturbed throughout future proceedings in the case, the sum so fixed should be treated exactly the same as a liquidated breach of contract claim.
We affirm this case in all respects.
DELL, C.J., and POLEN, J., concur.
FARMER, J., concurs in result only.