672 So.2d 890 (1996)
Susan Shelton ROCKMAN, Appellant/Cross Appellee,
v.
Wendy Wilcox BARNES, Appellee/Cross Appellant.
No. 95-1808.
District Court of Appeal of Florida, First District.
May 7, 1996.
*891 David W. Hiers of Bell, Schuster & Wheeler, P.A., Pensacola, for appellant/cross appellee.
Vince Bruner, Fort Walton Beach, for appellee/cross appellant.
PER CURIAM.
Susan Shelton Rockman appeals from a final judgment entered pursuant to a jury verdict in an automobile negligence action. Appellant raises a number of issues, and a number of issues are raised on cross appeal by Wendy Wilcox Barnes, the plaintiff in the trial court. We affirm on all issues without further comment except as to two points raised, one by each of the parties.
One of appellant's points was that the comments made by plaintiff's counsel in violation of rule 4-3.4(e) of the Rules of Professional Conduct, Rules Regulating the Florida Bar, require reversal of the case and remand for a new trial.
A number of times during closing argument, counsel for the plaintiff expressed his personal beliefs concerning the evidence which was presented. Several times, defense counsel objected and the trial judge sustained the objection, issuing a curative instruction. Appellant complains that notwithstanding these instructions, counsel continued to express his personal beliefs.
Rule 4-3.4 of the Rules of Professional Conduct, Rules Regulating the Florida Bar, provides,
A lawyer shall not: ... (e) in trial, allude to any matter that the lawyer does not reasonably believe is relevant or that will be supported by admissible evidence, assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant, or the guilt or innocence of an accused.
(Emphasis added).
We definitely do not condone the injection of the personal opinion of plaintiff's counsel into argument before the jury. The practice is in violation of the Rules of Professional Conduct. However, in the case before us, the improper activity did not reach the level of reversible error. The trial judge responded to the objections made and issued curative instructions. Further, we point out that appellant failed to move for mistrial. In all, we believe that a fair trial was conducted despite the improprieties of counsel.
On cross-appeal, Barnes contends that she should have been awarded interest accruing from the date the verdict was rendered rather than from the date the judgment was entered, arguing that the amendment to section 55.03, Florida Statutes, effected by chapter 94-239, Laws of Florida (1994) somehow undermines our decision in Easkold v. Rhodes, 632 So.2d 146, 147 (Fla. 1st DCA 1994) that it was error in a personal injury case to award interest from the date of the jury verdict. In our view, the statutory amendment has no bearing on the question. We do, however, acknowledge conflict with Palm Beach County School Board v. Montgomery, 641 So.2d 183, 184 (Fla. 4th DCA 1994) that *892 held that the interest should run from the date of the jury verdict.
AFFIRMED.
JOANOS and BENTON, JJ., concur.
WOLF, J., concurs with opinion.
WOLF, Judge, specially concurring.
I concur to note that contrary to how some have read this court's decision in Sacred Heart Hosp. of Pensacola v. Stone, 650 So.2d 676 (Fla. 1st DCA 1995), a closing argument that violates rule 4-3.4 of the Rules of Professional Conduct, Rules Regulating The Florida Bar, does not necessarily constitute fundamental or harmful error. The job of this court in reviewing trial court decisions is not to police improper conduct, but to determine if the level of conduct was so pervasive that it could not be corrected by proper instruction from the trial court, and whether the conduct was so "pervasive, inflammatory, and prejudicial to preclude the jury's rational consideration of the case." Hagan v. Sun Bank, 666 So.2d 580, 583 (Fla. 2d DCA 1996). See also Judge Farmer's dissent in Norman v. Gloria Farms, Inc., 668 So.2d 1016 (Fla. 4th DCA 1996). In Sacred Heart Hosp., supra, and Baptist Hosp. v. Rawson, 674 So.2d 777 (Fla. 1st DCA 1996), the conduct was so egregious as to affect the fairness of those proceedings; in this case, it was not.