POLEN, J.
Budget Rent-A-Car Systems, Inc. (“Budget”) appeals from a final judgment in a personal injury case in which the trial court refused to apply a collateral source set-off for payable personal injury protection (“PIP”) and medical payment (“med-pay”) benefits, and awarded prejudgment interest from the date of verdict instead of *575 the date of final judgment. Of the three points it raises on appeal, we affirm in part and reverse in part.
Joseph and Patricia Castellano, while operating their automobile, were injured in a collision with two other cars driven by-Jerry Ken Mock and Urey Burrell'. Budget owned the rental car that Mock was driving. The Castellanos subsequently sued Budget, Mock, Burrell, and their UM carrier, Arnica Mutual Insurance Company (“Arnica”). After a nine-day jury trial, the jury returned a verdict in favor of the Castellanos for compensatory damages ($613,074.12 for Mr. Castellano; $11,406 for Mrs. Castellano), which included an award of future medical expenses to Mrs. Castellano which was reduced to present money value to $7,000.
After trial, Budget filed a motion to set off the available PIP and medpay benefits that the Castellanos had under their policy of insurance with Arnica. The Castellanos also filed a motion seeking prejudgment interest from the date of the verdict until the time final judgment was entered. The court denied the motion and entered judgment against Budget and Mock in the amount of $506,050.26, representing their share of liability for the Castellanos’ compensatory damages. It later entered judgment in the amount of $3,640.14 in prejudgment interest and $866.70 in post-judgment interest against Budget and Mock. This appeal followed.
REFUSING TO REDUCE VERDICT FOR FUTURE MEDICAL EXPENSES BY AVAILABLE PIP BENEFITS
Budget first argues the court erred in not reducing Mrs. Castellano’s verdict by the PIP benefits she had available at the time of judgment. Under section 627.736(3), Florida Statutes (1997),[1] an injured party has no right to recover any damages for which PIP benefits have been paid or are “payable.” As such, the tort-feasor is exempted from liability for damages to the extent that such PIP benefits have been paid or are “payable” for such injuries. § 627.737(1), Fla. Stat. (1997).[2] To prevent double recovery by the claimant, the statutes further direct that the trial court shall reduce the amount of any award by the total amount which have been paid or are otherwise “available” for the benefit of the injured claimant from all collateral sources. § 768.76, Fla. Stat. (1997)[3]; Blue Cross and Blue Shield of Florida, Inc. v. Matthews, 498 So.2d 421 (Fla.1986).
At the time of final judgment in this case, the district courts were in conflict as *576 to the definition of “payable” as used in sections 627.736(3) and 627.737(1). Compare Allstate Ins. Co. v. Rudnick, 706 So.2d 389 (Fla. 4th DCA 1998)(holding that “payable” referred to those medical bills already incurred by the plaintiff before trial but that had not been processed for payment), rev. granted, 725 So.2d 1106 (Fla.1998) with Kokotis v. DeMarco, 679 So.2d 296 (Fla. 5th DCA 1996)(holding “payable” included future expenses resulting from the claimed injury), rev. den., 689 So.2d 1068 (Fla.1997). Since entry of the final judgment, however, the supreme court resolved this conflict by adopting the definition of “payable” as used in Kokotis. Rollins v. Pizzarelli, 24 Fla. L. Weekly S69, — So.2d -, 1999 WL 52009 (Fla. Feb. 4, 1999). In doing so, it held that Florida’s no-fault scheme requires the trial court to set off an award of future medical damages by the amount of the plaintiffs PIP benefits which remain at the time of judgment. Id.
The record in this case shows that the Castellanos had over $7,000 in PIP benefits remaining at the time final judgment was entered. Thus, under Pizzarelli, we hold that Mrs. Castellano’s award of future medical benefits must be set off by the PIP benefits that were available at the time of judgment. As such, we reverse.
REFUSING TO REDUCE THE AMOUNT OF THE JURY’S AWARD BY THE MEDPAY BENEFITS AVAILABLE TO THE CAS-TELLANOS
Both the fifth district’s opinion in Kokotis and the supreme court’s decision in Pizzarelli pertain to available PIP benefits at the time of judgment. Neither of those cases, however, address whether medpay and other collateral source benefits that remain at the time of judgment must be applied to reduce a claimant’s recovery of future medical expenses. However, in Rudnick, .this court concluded that an award of future medical benefits shall not be set off by the amount of medpay benefits unused at the time of judgment. Rudnick, 706 So.2d at 391.
Although we recognize that the supreme court might very well apply the rationale in Pizzarelli on review of our decision in Rudnick, we are still bound to follow our prior precedent. As such, we affirm. Nevertheless, in light of the court’s pronouncements in Pizzarelli, we certify the following question to the supreme court as one of great importance:
SHOULD AN AWARD OF FUTURE MEDICAL BENEFITS BE SET OFF BY THE AMOUNT OF MEDPAY BENEFITS UNUSED AT THE TIME OF JUDGMENT?
AWARDING PREJUDGMENT INTEREST FROM THE DATE OF THE VERDICT
Budget finally argues that the court erred in awarding prejudgment interest from the date of the jury’s verdict instead of from the date of final judgment. When a verdict liquidates damages on a plaintiffs out-of-pocket, pecuniary losses, the plaintiff is entitled to prejudgment in *577 terest at the statutory rate from the date of that loss. Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212, 215 (Fla. 1985). An unliquidated claim becomes liquidated and, thus, susceptible of bearing prejudgment interest, when a jury verdict has the effect of fixing the amount of damages. Palm Beach County School Bd. v. Montgomery, 641 So.2d 183, 184 (Fla. 4th DCA 1994). At that point, the court simply computes prejudgment interest at the same rate as post-judgment interest from the jury verdict to the date of judgment. Id. (citing Argonaut, 474 So.2d at 215).[4]
In this case, the actual verdict form shows that the jury fixed the Castellanos’ medical, wage loss, and noneconomic damages in its verdict. Thus, we hold that the Castellanos’ damages were liquidated at the time of the verdict. See Griefer v. DiPietro, 708 So.2d 666 (Fla. 4th DCA 1998)(holding that, regardless of whether the plaintiffs’ recovery would be reduced by comparative negligence as determined in their second trial, the damages were liquidated at the time of the first trial on the sole issue of damages), rev. granted, No. 93,038, 727 So.2d 904 (Fla. Oct. 20, 1998). As such, and because the jury reduced Mrs. Castellano’s award of future damages to present money value, we affirm the award of prejudgment interest.
AFFIRMED in part; REVERSED in part and REMANDED in accordance with this opinion.
STEVENSON and TAYLOR, JJ., concur.

. This subsection provides,
(3) Insured’s rights to recovery of special damages in tort claims — No insurer shall have a lien on any recovery in tort by judgment, settlement, or otherwise for personal injury protection benefits, whether suit has been filed or settlement has been reached without suit. An injured party who is entitled to bring suit under the provisions of §§ 627.730-627.7405, or his or her legal representative, shall have no right to recover any damages for which personal injury protection benefits are paid or payable. The plaintiff may prove all of his or her special damages notwithstanding this limitation, but if special damages are introduced in evidence, the trier of facts, whether judge or jury, shall not award damages for personal injury protection benefits paid or payable.
§ 627.736(3), Fla. Stat. (1997).

. This subsection provides, in pertinent part,
(1) Every owner, registrant, operator, or occupant of a motor vehicle with respect to which security has been provided as required by §§ 627.730-627.7405, and every person or organization legally responsible for her or his acts or omissions, is hereby exempted from tort liability for damages because of bodily injury, sickness, or disease arising out of the ownership, operation, maintenance, or use of such motor vehicle in this state to the extent that the benefits described in § 627.736(1) are payable for such injury, or would be payable but for any exclusion authorized by §§ 627.730-627.7405, under any insurance policy or other method of security complying with the requirements of § 627.733....
§ 627.737(1), Fla. Stat. (1997).

.This section provides, in pertinent part,
(1) In any action to which this part applies in which liability is admitted or is deter *576 mined by the trier of fact and in which damages are awarded to compensate the claimant for losses sustained, the court shall reduce the amount of such award by the total of all amounts which have been paid for the benefit of the claimant, or which are otherwise available to the claimant, from all collateral sources....
(2) For purposes of this section:
(a) “Collateral sources” means any payments made to the claimant, or made on the claimant's behalf, by or pursuant to:
[[Image here]]
2. Any health, sickness, or income disability insurance; automobile accident insurance that provides health benefits or income disability coverage; and any other similar insurance benefits, except life insurance benefits available to the claimant, whether purchased by her or him or provided by others.
§ 768.76, Fla. Stat. (1997).

. Although Budget notes that Argonaut was not a personal injury case, its principles regarding awards of prejudgment interest still apply in personal injury cases. Id.